FILED
SUPERIOR COURT
OF GUAM

2020 JUN 12 PM 2:08

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                     Plaintiff,<br><br>      vs.<br><br>JAY DANIEL FAMA NEDEDOG,<br>DOB: 08/10/1996<br>                     Defendant. | Criminal Case No.: CF0317-18<br><br>**DECISION AND ORDER RE: DEFENDANT'S MOTION TO SEVER COUNTS AND CHARGES** |

### Introduction

This matter came before the Honorable Maria T. Cenzon on March 16, 2020, for a hearing on Jay Daniel Fama Nededog's ("Defendant") Motion to Sever Counts and Charges filed on January 21, 2020. Attorney Anna Gayle of the Alternate Public Defender represented Defendant at the hearing and Assistant Attorney General Dannis Le represented the People of Guam ("People"). After reviewing the Motion, the pleadings on the record, and the relevant law, the Court now issues this DECISION and ORDER **DENYING** Defendant's Motion.

### Background

On May 31, 2018, Defendant was indicted in the instant matter with four (4) criminal sexual conduct charges. The first charge alleged Three (3) Counts of First Degree Criminal Sexual Conduct (As a First Degree Felony), the second charge alleged Four (4) Counts of

Second Degree Criminal Sexual Conduct (As a First Degree Felony), the third charge alleged Five (5) Counts of Third Degree Criminal Sexual Conduct (As a Second Degree Felony), and the fourth charge alleged Six (6) Counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). Indictment (May 31, 2018). The Indictment lists two (2) minor victims and one (1) adult victim amongst all the counts and charges. *Id.*at 2-6. The dates of the alleged incidents range between January 1, 2017, and May 14, 2018, except for the Fourth Count of Charge Two.[1] *Id.*

On January 21, 2020, Defendant filed the instant Motion. On February 18, 2020, the People untimely filed its Opposition.[2] Defendant did not file a Reply. On March 16, 2020, the Court heard further arguments on the Motion, and subsequently placed the matter under advisement pursuant to Administrative Rule 06-001. Minute Entry (Mar. 16, 2020).

## Discussion

Pursuant to 8 G.C.A. § 65.35, Defendant moves the Court to sever "the counts in such a way that a separate trial would be held for each victim alleged." Mot. at 2 (Jan. 21, 2020). Defendant asserts without any legal authority other than that generally provided under 8 G.C.A. Section 65.35 that the charges regarding each alleged victim are fact specific and severance is necessary to give the jury the opportunity to consider each of his defenses individually. Defendant further, again without more specific case authority, argues that presenting all allegations together in a single trial would severely prejudice his ability to defend himself.

---

[1] The Fourth Count of Charge Two was alleged to have occurred on or about the period between January 1, 2015, and December 31, 2017.

[2] The People's Opposition was due on February 4, 2020. "[T]he filing of a notice of non-opposition to a motion, or the disregard of untimely filed papers, does not require a court to automatically grant the motion and is not dispositive of the motion itself. The court has a duty to analyze the merits of the motion before rendering its decision." *Pet. of Quitugua v. Flores*, 2004 Guam 19, ¶ 28 (Oct. 4, 2004).

The People oppose, arguing that the charges are properly joined and joinder in this matter will not unfairly prejudice Defendant. *See generally*, Opp'n, Feb. 18, 2020. The People agree with Defendant that a single trial will have a prejudicial effect. However, the People argue that the prejudicial effect toward Defendant is innate to any indictment that contains multiple charges against one defendant and therefore does not require severance. The People contend additionally, that any such prejudice may be cured by instructing the jury on how to treat such evidence when deliberating on its verdict. Moreover, GRE 413 permits acts of criminal sexual conduct to be considered by the jury for any purpose and, therefore, severance is not appropriate. The Court now undertakes its own analysis of the applicable laws governing severance of charges.

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35. Severance may be appropriate, however

> [i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35.

In determining whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Furthermore, "the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (citing *United States v. Terry*, 911 F.2d 272 (9th

Cir. 1990)). The Court has considerable discretion when ruling on whether to grant a motion to sever. *Parker v. United States*, 404 F.2d 1193, 1194 (9th Cir. 1986).

Here, Defendant argues that if the charges are not severed into separate trials, one for each victim, he will be substantially prejudiced and incapable of effectively asserting an individual defense for the charges regarding each alleged victim. The Court finds that although the Indictment identifies different victims in the various charges, the offenses are properly joined because Defendant's alleged actions in each offense are of the same or similar character. *See, e.g. United States v. Sanders,* 463 F.2d 1086, (8th Cir. 1972) (affirming joinder of counts where offenses were of the same or similar character and occurred eight months apart); *Howard v. United States*, 372 F.2d 294, 301 (9th Cir. 1967), *cert. denied* 388 U.S. 915 (1967) (holding that "the use of multicount indictments charging offenses of similar character is a sanctioned practice"); *United States v. Rodgers*, 732 F. 2d 625, 629 (after examining prior cases where joinder was affirmed for offenses occurring during time periods including eight months, two-years, and five months, finding "the time-period factor period is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined.").

The Court acknowledges Defendant's argument that he may suffer some risk of prejudice if the charges are not severed; however, the Court finds that such risk is minimal and certainly does not rise to a level supporting severance. Moreover, any possibility of prejudice is sufficiently cured by giving the juror proper limiting instructions. "Juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (citation omitted).

Next, the Court considers the argument that if a single trial is held for all charges, a single jury will be unable to consider multiple defenses in a separate manner for a specific charge, which will result in substantial prejudice towards defendant. Even if the Court accepts

this premise, which it does not, under the circumstances, Defendant has failed to establish severance is appropriate. "The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense. Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge and within his sound discretion." *Johnson v. United States,* 356 F. 2d 680, 682 (8th Cir. 1966). The burden is on the defendant to show "clear," "manifest," or "undue" prejudice from a joint trial. *United States v. Polizzi,* 801 F.2d 1543, 1554 (9th Cir. 1986). Defendant argues that a single trial will inhibit the jury's ability to consider separate defenses in a manner that is non-prejudicial. The Court disagrees. The Court finds that proper limiting instructions will prevent a jury's verdict in any one charge to affect their deliberations for another charge. As such, the Court holds that Defendant has failed to meet his burden in establishing that the joinder of the charges will result in undue prejudice.

Finally, Defendant argues that "the government has not given notice of GRE 404(b) evidence or GRE 413 evidence and instead has just lumped each allegation together in a single indictment." Mot. at 5. Under GRE 413, "any conduct proscribed by chapter 25 of Title 9, Guam Code Annotated" is admissible in a case where "the defendant is accused of an offense of criminal sexual conduct" and "in a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter which it is relevant." However, the evidence must be disclosed to the defendant:

> In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause.

GRE 413(b). The Court holds that Defendant was given sufficient notice of GRE 413 evidence by way of the Indictment.

**Conclusion**

For the reasons set forth herein, the Court finds that Defendant has failed to establish prejudice in the joinder of the offenses sufficient to justify severance. Consequently, the Court hereby **DENIES** Defendant's Motion to Sever Counts and Charges.

**SO ORDERED** this_____ JUN 1 2 2020 _____.

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**